# UNITED STATES DISTRICT COURT

## DISTRICT OF MINNESOTA

| | |
|---|---|
| IMATION CORPORATION, | Civil No. 15-1883 (JRT/JSM) |
| Plaintiff, | |
| v. | **MEMORANDUM OPINION AND ORDER DENYING DEFENDANT'S MOTION TO DISMISS** |
| SANHO CORPORATION. | |
| Defendant. | |

Devan V. Padmanabhan and Michelle E. Dawson, **WINTHROP & WEINSTINE, PA**, 225 South Sixth Street, Suite 3500, Minneapolis, MN 55402, for plaintiff.

Alexander Farrell, **HELLMUTH & JOHNSON, PLLC**, 8050 West 78th Street, Edina, MN  55439, and Craig P. Ramsdell, **ARI LAW PC**, 90 New Montgomery Street, Suite 905, San Francisco, CA  94105, for defendant.

Plaintiff Imation Corporation alleges that defendant Sanho Corporation's "iStick" line of products infringes on Imation's USB flash-drive patents.  Sanho has moved the Court to dismiss Imation's complaint.  Sanho argues that the Court lacks personal jurisdiction over Sanho.  The Court finds that Imation has met its burden of making a prima facie showing that the Court has personal jurisdiction over Sanho both because affidavits and exhibits submitted by the parties suggest Sanho has shipped at least one of its products to Minnesota and Sanho maintains a commercial website catering to all Americans, including Minnesotans.  Sanho also argues Imation's complaint fails to state a claim, but Imation pleaded a proper Form 18 complaint prior to that form's abolition in late 2015.  The Court will therefore deny Sanho's motion.

## BACKGROUND

Imation filed a complaint with the Court naming Sanho as a defendant on April 7, 2015.  (Compl., Apr. 7, 2015, Docket No. 1.)  The following facts are drawn from the complaint and the complaint's supporting affidavits and exhibits, as well as affidavits filed with reference to Sanho's motion to dismiss.

Imation is a Minnesota corporation with its principal place of business located in Minnesota.  (*Id.* ¶ 1.)  The company was founded in 1996, and its business centers on "technological innovation."  (*Id.* ¶ 7.)  Imation has been "developing technology related to USB flash drives since at least as early as the early 2000s."  (*Id.*)  Between 2005 and 2009, the U.S. Patent and Trademark Office issued three "memory card" patents that are now owned by Imation.  (*Id.* ¶¶ 8-11.)

Sanho is a Delaware corporation with its principal place of business located in California.  (*Id.* ¶ 2.)  Sanho makes "storage produces" and "iDevice accessories," including a line of "iStick" USB flash drives.  (Decl. of Michelle E. Dawson ("Dawson Decl."), Exs. A at *1, H at *9, Nov. 20, 2015, Docket No. 29.)  Sanho "sells its products" via http://www.hypershop.com, a website it "owns and operates."  (Decl. of Daniel Chin ("Chin Decl.") ¶ 7, Oct. 30, 2015, Docket No. 23.)  Sanho also sells its "iStick products" on Amazon, where it maintains a "storefront" called the "HYPER" storefront.  (Dawson Decl., Exs. A, G.)

Sanho ran a "campaign" on Kickstarter.com, where the company raised $1.1 million from "backers."  (*Id.*, Ex. H, I.)  At least one of Sanho's Kickstarter backers

was a Minnesota resident.  (*Id.*, Ex. J at *1-2 (showing the profile of a Sanho iStick backer who resides in St. Paul, MN).)  Backers who pledged more than $65 could receive an iStick as a "reward."  (*Id.*, Ex. H at *1-4.)  As of November 20, 2015, 7,495 backers pledged more than $1 and all but 208 of those backers pledged an amount sufficient to receive an iStick.  (*Id.*)  Sanho shipped its iStick product to the applicable backers at some point prior to January 4, 2015.  (*Id.*, Ex. I at *4.)  No exhibits or affidavits filed with the Court explicitly indicate how much the Minnesota backer pledged, or whether Sanho shipped an iStick to the Minnesota backer.

Additionally, iStick products were sold on eBay.com, Adorama.com, MacMall.com, Rakuten.com, and newegg.com, although apparently by third-party retailers and not by Sanho directly.  (*See* Dawson Decl. Exs. B, C, D, E, F (showing screenshots of website webpages displaying Sanho's products).)  Sanho also initiated a crowd-funding campaign on the website Indiegogo.com for a product called "iShowFast," which is a dual connector flash drive.  (*Id.*, Ex. K.)  Sanho stated on the Indiegogo website that the "iShowFast can perform all the features/functions of iStick and more!"  (*Id.* at 3.)

According to Sanho CEO Daniel Chin, "less than two percent" of Sanho's "overall sales" are to Minnesota residents.  (Chin Decl. ¶ 12.)  Other than its principal place of business in California, Sanho maintains no other office or retail space.  (*Id.* ¶¶ 3, 4, 7.)  Sanho does not maintain bank accounts, employ personnel, or have any officers, directors, or agents in Minnesota.  (*Id.* ¶¶ 9-11.)

Imation alleges that Sanho has and continues to sell products, including the "Gmobi iStick," that infringe on Imation's patents.  (Compl. ¶¶ 13-26.)

On October 30, 2015, Sanho filed the motion to dismiss that is now before the Court.  (Sanho's Mot. to Dismiss, Oct. 30, 2015, Docket No. 20.)

## ANALYSIS

## I.   PERSONAL JURISDICTION

Sanho argues Imation has failed to show that the Court may exercise personal jurisdiction over Sanho.  Federal Rule of Civil Procedure 12(b)(2) permits a defendant to move to dismiss a case for lack of personal jurisdiction.  When a district court decides a 12(b)(2) motion based only on the complaint and written submissions, and without holding an evidentiary hearing, the plaintiff need only make a prima facie showing that the defendant is subject to personal jurisdiction in the forum state.  *AFTG-TG, LLC v. Nuvoton Tech. Corp.*, 689 F.3d 1358, 1360 (Fed. Cir. 2012); *Epps v. Stewart Info. Servs. Corp.*, 327 F.3d 642, 647 (8th Cir. 2003).[1]  For the purposes of evaluating whether a plaintiff has made a prima facie showing, the Court must accept uncontroverted facts in the complaint as true and resolve factual disputes in the plaintiff's favor.  *AFTG-TG, LLC*, 689 F.3d at 1360.

A United States district court may exercise personal jurisdiction over a defendant if the defendant is "subject to the jurisdiction of a court of general jurisdiction in the state

---

[1] The Court applies the precedents of the Federal Circuit when deciding whether the Court has personal jurisdiction over a defendant in a patent dispute.  *3D Sys. Inc. v. Aarotech Labs., Inc.*, 160 F.3d 1373, 1377-78 (Fed. Cir. 1998).

where the district court is located." Fed. R. Civ. P. 4(k)(1)(A).   A state court may exercise jurisdiction over an out-of-state defendant if permitted by both (1) the forum state's long-arm statute and (2) due process. *Radio Sys. Corp. v. Accession, Inc.*, 638 F.3d 785, 788-89 (Fed. Cir. 2011).

In Minnesota, the state's long-arm statute extends to the limits of due process, and so the statutory question and constitutional question are one and the same. *Juelich v. Yamazaki Mazak Optonics Corp.*, 682 N.W.2d 565, 570 (Minn. 2004).   "Due process requires that the defendant have sufficient 'minimum contacts with [the forum state] such that maintenance of the suit does not offend traditional notions of fair play and substantial justice.'"   *Celgard, LLC v. SK Innovation Co.*, 792 F.3d 1373, 1377 (Fed. Cir. 2015) (quoting *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945)).   Sufficient contacts can be established through two recognized brands of personal jurisdiction:   specific and general.   "Specific jurisdiction arises out of or relates to the cause of action even if those contacts are isolated and sporadic.   . . . General jurisdiction arises when a defendant maintains continuous and systematic contacts with the forum state even when the cause of action has no relation to those contacts." *AFTG-TG, LLC*, 689 F.3d at 1360 (omission in original) (quoting *LSI Indus. v. Hubbell Lighting, Inc.*, 232 F.3d 1369, 1375 (Fed. Cir. 2000)).   Only specific jurisdiction is at issue here; Imation concedes that the Court may not exercise general jurisdiction over Sanho.

The Court finds that Imation has made a prima facie showing that the Court may exercise specific jurisdiction over Sanho, for two reasons.   First, a number of courts have held that a court may exercise personal jurisdiction over a party who has made even a

- 5 -

single direct sale of an allegedly infringing product to a customer in the forum state.  *See WhatRU Holding, LLC v. Bouncing Angels, Inc.*, No. 13-2745, 2014 WL 641517, at *3 (D. Minn. Feb. 19, 2014) (collecting cases and finding specific personal jurisdiction over a California corporation that made a single sale to a Minnesotan of an allegedly-infringing product via its website); *Robinson v. Bartlow*, No. 3:12-24, 2012 WL 4718656, at *4 (W.D. Va. Oct. 3, 2012) (finding specific personal jurisdiction over the makers of a product offered on Kickstarter in part because the maker shipped the product to three Kickstarter backers in the state).  Such is the case here:  Imation has presented evidence that many if not almost all of Sanho's Kickstarter backers were sent the allegedly infringing product, and that at least one of those backers lives in Minnesota.  Sanho argues in response that Imation has offered no evidence showing that the Minnesotan was one of the backers who received the product, but the standard of review for this motion requires the Court to resolve factual disputes in the Imation's favor, and requires only that Imation make a prima facie showing of personal jurisdiction; Imation need not prove beyond a reasonable doubt or even by a preponderance of the evidence that any particular fact is true.  *AFTG-TG, LLC*, 689 F.3d at 1360.  The possibility and probability that Sanho shipped one of the products at issue to a Minnesota resident is enough to satisfy that standard of review.

Even if the Minnesota Kickstarter backer were not enough, a court may also exercise specific personal jurisdiction over a party that maintains a commercial website that is devoted primarily to contract formation and the facilitation of transactions, as is the case here.  *Zippo Mfg. Co. v. Zippo Dot Com, Inc.*, 952 F. Supp. 1119, 1124

(W.D. Pa. 1997); *see also Johnson v. Arden*, 614 F.3d 785, 796 (8th Cir. 2010) (citing

*Zippo* approvingly); *Fusionbrands, Inc. v. Suburban Bowery of Suffern, Inc.*, No. 12-229,

2013 WL 5423106, at *5-6 (N.D. Ga. Sept. 26, 2013) ("in maintaining its Amazon.com

storefront, defendant actively directed its sales activities to this district").    Sanho

maintains at least two websites devoted wholly to commercial endeavors where visitors

can order Sanho's products, including the infringing products:   Sanho's website –

www.hypershop.com – and Sanho's shop on Amazon.com.   Sanho correctly notes the

Court's specific jurisdiction analysis would be more complex and arguably more tenuous

if it were based on the internet sales of Sanho products through third-party retailers,

rather than Sanho's direct sales.  But because the Court can base its findings on Sanho's

sales through its own web presence, without relying on third-party sales, the Court need

not confront that issue.

Imation has therefore met its burden of making a prima facie showing of personal

jurisdiction.


## II.      FAILURE TO STATE A CLAIM

Sanho also argues Imation has failed to state a claim against Sanho.   Prior to

December 2015, Federal Rule of Civil Procedure 84 and the accompanying Appendix of

Forms contained a variety of forms.   When a plaintiff's complaint met the requirements

of one of those forms, courts considered the plaintiff to have stated a claim for which

relief could be granted.   *In re Bill of Lading Transmission and Processing Sys. Patent

Litig.*, 681 F.3d 1323, 1336 (Fed. Cir. 2012).   In the patent infringement context, if a

plaintiff's complaint met the requirements of Form 18 then the plaintiff could survive a motion to dismiss under Rule 12(b)(6), even after *Iqbal* and *Twombly* heightened the bar from *Conley*'s low water mark. *Id.*[2]

However, on April 29, 2015, the Supreme Court adopted proposed amendments to the Federal Rules of Civil Procedure that would abrogate Form 18, Rule 84, all of the forms in the appendix, and also amend Rules 1, 4, 16, 26, 30, 31, 33, 34, 37, and 55. Fed. R. Civ. P. Refs. & Annos., Order of Apr. 29, 2015. Those rules took effect on December 1, 2015. *Id.* The Court ordered that the new rules "shall govern in all proceedings in civil cases . . . commenced [on or after December 1, 2015] and, insofar as just and practicable, all proceedings then pending." *Id.*

Here, the parties dispute whether the new rules should apply to Imation's complaint. Imation's complaint was filed on April 7, 2015, before the new rules took effect on December 1, 2015, therefore the issue hinges on whether it is "just and practicable" to apply the new rules – or rather Rule 12 without Rule 84 – to Imation's complaint. The Court finds that it would not be just to apply the new rules retroactively to conduct that took place even before the new rules had been proposed; Imation filed its

---

[2] To state a claim under Form 18, a plaintiff was required to include the following in their complaint:

> (1) an allegation of jurisdiction; (2) a statement that the plaintiff owns the patent; (3) a statement that defendant has been infringing the patent by making, selling, and using [the device] embodying the patent; (4) a statement that the plaintiff has given the defendant notice of its infringement; and (5) a demand for an injunction and damages.

*Bill of Lading,* 681 F.3d at 1334 (quoting *McZeal v. Sprint Nextel Corp.*, 501 F.3d 1354, 1357 (Fed. Cir. 2007)).

complaint on April 7, more than three weeks before the Supreme Court adopted the proposed rules on April 29. Therefore the pre-December 1, 2015 rules apply, and Imation's complaint states a claim.[3]

## ORDER

Based on the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that Sanho's Motion to Dismiss [Docket No. 20] is **DENIED.**

DATED:  August 5, 2016
at Minneapolis, Minnesota.

s/ John R. Tunheim

JOHN R. TUNHEIM
Chief Judge
United States District Court

---

[3] Sanho does not argue that Imation's complaint failed to meet the requirements of Form 18.